UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-673-RJC
(3:15-cr-298-RJC-DSC-1)

| | |
|---|---|
| QUINBY BOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I.     BACKGROUND**

In July 2015, law enforcement officers conducted a controlled purchase of 7.4 grams of methamphetamine using a confidential informant and pre-recorded funds. (Crim. Case No. 3:15cr298-RJC-DSC-1, Doc. No. 33 at ¶ 6: PSR). During the transaction, officers observed the seller of the methamphetamine meet with Petitioner, who was driving a Nissan Altima. (Id., Doc. No. 1 at 3: Crim. Compl.). Shortly thereafter, Petitioner was stopped for speeding. (Id. at 3-4). The officers who stopped Petitioner smelled marijuana and observed marijuana "shake" in plain view on the front passenger floorboard. (Id. at 4). Finding probable cause of a crime, the officers then searched Petitioner's car and found 58 grams of methamphetamine, divided into four separate baggies, in the center console and six grams of methamphetamine in a shoe in the car's trunk. (Id.). Petitioner was carrying $4,339 in cash, including $400 of the pre-recorded funds that had been used to make the controlled purchase. (Id.).

1

Two days later, officers observed Petitioner meet with the occupants of another car, who then followed Petitioner to his residence. (Id.). The occupants of the other car went into Petitioner's residence and returned a short time later. (Id.). Law enforcement stopped the car shortly thereafter and found a firearm, a hypodermic needle, and a "corner baggie" containing suspected methamphetamine residue. (Id.).

A month later, a cooperating defendant told law enforcement officers that Petitioner owned a firearm that he routinely carried to protect himself during drug transactions. (Id.). A different cooperating defendant produced a corroborating photograph of a firearm in a car that the cooperator identified as belonging to Petitioner. (Id.).

On October 5, 2015, a cooperating defendant called Petitioner and asked to buy 14 grams of methamphetamine. (Id., Doc. No. 17 at ¶ 2: Factual Basis). The call was recorded. (Id.). Petitioner stated that all he had was heroin, but that he would be getting some methamphetamine later in the day. (Id.). The cooperating defendant then asked Petitioner if Petitioner could sell the cooperator a firearm. (Id., Doc. No. 1 at 5). Petitioner stated that he had something that the cooperator could "hold on to, but I need it right now." (Id.). Petitioner stated that he "would drop [the gun] off" when he had some time, but that he had to retrieve his "other suit" [firearm] first. (Id.). That same day, two cooperating defendants told law enforcement officers about their "historical dealings" with Petitioner. (Id.). These dealings included 210 grams of methamphetamine between July and September of 2015. (Id., Doc. No. 17 at ¶ 3). The two also admitted that they had been selling methamphetamine since late 2014. (Id., Doc. No. 1 at 5).

On October 14, 2015, law enforcement officers executed a search warrant at Petitioner's residence and found several firearms, including an illegal short-barreled shotgun. (Id., Doc. No. 17 at ¶ 4; see Search Warrant, United States v. 9115 Post Canyon Lane, 3:15MJ358 (W.D.N.C.

Oct. 6, 2015), ECF Nos. 1-2). At the time law enforcement officers executed the warrant, they stopped Petitioner outside of his residence. (Id., Doc. No. 17 at ¶ 4). Officers found a total of 26 grams of methamphetamine between what Petitioner was carrying and what he had in his residence. (Id.). A grand jury indicted Petitioner, charging him with conspiracy to distribute and to possess with intent to distribute 50 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (Count One); possession with intent to distribute 50 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Three); possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Four); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five). (Id., Doc. No. 10: Indictment).

The Government filed an Information, pursuant to 21 U.S.C. § 851, noticing Petitioner's two prior Virginia state felony convictions for drug trafficking. (Id., Doc. No. 12: Information). Petitioner agreed to plead guilty to Counts One and Five, in exchange for the dismissal of the remaining counts against him. (Id., Doc. No. 18 at ¶¶ 1-2: Plea Agrmt.). The parties agreed that the amount of methamphetamine reasonably foreseeable to Petitioner was at least 200 grams, but less than 350 grams; that his plea was timely entered for purposes of acceptance of responsibility; that the Government would not oppose a sentence at the bottom of the guideline range; and that either party could request adjustments, departures, or variances. (Id. at ¶ 7). If Petitioner complied with the terms of the plea agreement and the Court found that he was a career offender, the Government agreed to withdraw the § 851 Information. (Id. at ¶ 4). Petitioner also agreed to waive the right to contest his conviction and sentence on direct appeal

or in any post-conviction proceeding, except as to claims of ineffective assistance or prosecutorial misconduct. (Id. at ¶¶ 18-19).

Petitioner's initial plea hearing was postponed after Petitioner requested additional time to review the plea documents. (Id., Doc. Entry dated Feb. 24, 2016). Five days later, Petitioner pleaded guilty. (Id., Doc. No. 21: Acceptance and Entry of Guilty Plea). This Court found that his guilty plea was knowingly and voluntarily made. (Id.). After pleading guilty, but before sentencing, Petitioner retained counsel to replace his court-appointed attorney. (Id., Doc. No. 24).

A probation officer issued a presentence report, recommending that Petitioner's base offense level was 26 under U.S.S.G. § 2K2.1(a)(1); that a two-level increase applied because the offense involved more than six firearms; and that a four-level increase applied because the firearms were used or possessed in connection with his conspiracy to possess with intent to distribute methamphetamine. (Id., Doc. No. 29 at ¶¶ 25-27: PSR). The probation officer also found that Petitioner qualified as a career offender in light of his prior Virginia drug-trafficking offenses, which increased his offense level to 37. (Id. at ¶ 32). Allowing a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 34. (Id. at ¶ 35). As a career offender, Petitioner's criminal history category was VI. (Id. at ¶ 51). The probation officer found that the advisory guidelines range was 262 to 327 months of imprisonment. (Id. at ¶ 73).

Petitioner objected to the PSR, arguing that the four-level enhancement should not apply because the firearms were not used in conjunction with any drug sales, that his prior drug trafficking convictions were misdemeanors, and that his seven criminal history points would place him in criminal history category IV. (Id., Doc. No. 33 at pp. 18-19: PSR addnm.). Petitioner also filed a pro se letter with the Court, asserting that he was pressured to plead guilty,

that there was evidence of entrapment, and that, pursuant to Sears v. United States, 343 F.3d 139 (5th Cir. 1965), he should not have been charged with conspiracy. (Crim. Case No. 3:15cr298-RJC-DSC-1, Doc. No. 39). Nevertheless, he proceeded to sentencing.

At sentencing, the Government withdrew the Section 851 Information, which reduced the statutory range of imprisonment to five to 40 years of imprisonment. (Id., Doc. No. 44: Statement of Reasons). This Court found that this reduced Petitioner's offense level to 31 and the advisory guidelines range to 188 to 235 months of imprisonment. (Id.). This Court sentenced Petitioner to 188 months' imprisonment on Count One and to 120 months' imprisonment on Count Five, with the sentences to run concurrently, entering judgment on December 27, 2016. (Id., Doc. No. 43: Judgment). Petitioner did not appeal, but timely filed the present motion to vacate in November 2017, in which he argues that he received ineffective assistance of counsel because counsel did not file a motion to suppress evidence from the searches of his vehicle and home and did not adequately advise him of potential defenses. The Government filed its response on March 8, 2018. (Doc. No. 6).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**A. Petitioner's Claim that Counsel Was Ineffective for Failing to File a Motion to Suppress.  (Claims 1, 2 & 4)**

**1. Waiver of Suppression Claim**

Petitioner first contends that he received ineffective assistance of counsel because counsel did not file a motion to suppress evidence from the searches of his vehicle and home.  To prevail on a theory of ineffective assistance of counsel, Petitioner must establish that his attorney's performance fell below an objective standard of reasonableness, judged "from counsel's perspective at the time."  Strickland v. Washington, 466 U.S. 668, 689 (1984).  He must also establish prejudice in the form of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Petitioner pleaded guilty, to establish prejudice affecting his conviction, he must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Lee v. United States, 137 S. Ct. 1958, 1964 (2017).

"When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea."  United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010).  Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea.  See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).  A guilty plea is valid when it "represents a voluntary and intelligent

choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

The Court finds that, by pleading guilty, Petitioner waived the right to challenge his attorney's decision not to file a motion to suppress. None of Petitioner's contentions establish that his attorney's failure to file a motion to suppress impaired his understanding of the consequences of his guilty plea or the voluntariness of his decision to accept those consequences. See Hunter v. United States, No. 3:16CV52, 2016 WL 2888608, at *3 (W.D.N.C. May 13, 2016) (holding that "[w]here the alleged missteps of counsel do not touch on whether the plea was knowing and voluntary, they do not provide grounds for relief from a guilty plea") (internal quotation marks and citation omitted), appeal dismissed, 671 F. App'x 51 (4th Cir. 2016). Additionally, Petitioner does not argue that, but for counsel's allegedly deficient conduct, he would have proceeded to trial. Thus, he waived this claim by pleading guilty. See Carrasco v. United States, No. 3:16CV298, 2016 WL 6023539, at *4 (W.D.N.C. Oct. 13, 2016) (holding that by pleading guilty petitioner had waived the right to challenge his attorney's failure to file a motion to suppress).

**2. Merits of Suppression Claim**

The Court further finds that, even if Petitioner had not waived this claim, it is without merit because the searches of Petitioner's vehicle and home were supported by probable cause and/or a search warrant. To establish ineffective assistance based on counsel's failure to file a motion to suppress, a defendant must show both deficient performance and prejudice. There is no deficient performance where counsel's determination not to litigate a motion to suppress is reasonable. See Walker v. United States, No. RWT-14-0536, 2015 WL 4638069, at *2 (D. Md. July 31, 2015) (unpublished). Further, a petitioner cannot establish prejudice unless he proves

7

that the "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

Petitioner argues first that his counsel should have moved to suppress the evidence obtained from the search of his vehicle. (Civ. Doc. No. 1-1 at 8). He bases this argument on his assertion that there is a discrepancy between the Criminal Complaint and the Factual Basis because the Criminal Complaint states that he was stopped for speeding and probable cause was obtained when officers smelled marijuana and saw some marijuana "shake" in the car, whereas the Factual Basis indicates that, after a controlled buy, Petitioner was pulled over so that a probable cause search could be conducted. (Id. at 8).

The Factual Basis states that, after the controlled purchase, "[l]aw enforcement then stopped the Defendant in his vehicle and conducted a probable cause search . . . ." (Crim. Case No. 3:15cr298-RJC-DSC-1, Doc. No. 17 at ¶ 1). This statement is consistent with the information in the Criminal Complaint, and Petitioner does not provide any evidence that his traffic stop was not supported by probable cause. Additionally, he accepted the Factual Basis. (Id., Doc. No. 21 at 3). His conclusory assertion that counsel should have moved to suppress this evidence based on the different wording in the two documents is insufficient to show deficient performance or prejudice. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). There is no evidence of a non-frivolous basis on which counsel could have moved to suppress the evidence, nor is there evidence that such a motion would likely have been successful. Moreover, in light of the evidence from other cooperators, which included a recorded call discussing the sale of methamphetamine and transactions totaling over 200 grams of

8

methamphetamine, it is unlikely that the suppression of this information would have changed the result of the proceeding. Accordingly, Petitioner cannot show ineffective assistance of counsel based on counsel's failure to move to suppress the evidence obtained from the search of his car.

Petitioner also argues that counsel should have moved to suppress the evidence obtained from the search of his residence because there was no warrant for this search. (Civ. Doc. No. 1-1 at 6). Based on this assertion, he contends that the seizure of the seven firearms from that search violated his Fourth Amendment rights. Without this seizure, he asserts that he should not have been arrested for Counts Three to Five. (Id. at 6-7).

Petitioner's assertion that there was no warrant to search his residence is baseless. This Court issued a warrant to search his residence. See (Search Warrant, United States v. 9115 Post Canyon Lane, 3:15MJ358 (W.D.N.C. Oct. 6, 2015), Doc. No. 1). The firearms were found pursuant to this warrant, and Petitioner has not alleged or shown that there was any defect in this search warrant, or that the officers executing it did not rely on it in good faith. Rather, he concedes that "[t]he production of a search warrant would erase all allegations of wrongdoing on all parts . . . ." (Civ. Doc. No. 1-1 at 7). Given that the search of Petitioner's residence was proper and led to the discovery of seven firearms, his assertion that his arrest on the firearms charges was improper also lacks merit. Accordingly, counsel was not deficient, and Petitioner cannot establish prejudice from counsel's failure to challenge the search of his residence or the warrant for his arrest. See Kimmelman, 477 U.S. at 375.

**B. Petitioner's Claim that Counsel Provided Ineffective Assistance Regarding Potential Defenses. (Claim 3)**

Counsel has a duty to investigate possible defenses and to advise the defendant so that he can make an informed decision as to whether to plead guilty. Savino v. Murray, 82 F.3d 593,

9

599 (4th Cir. 1996). "However, if there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error of failing to disclose or pursue it cannot be prejudicial." Id.

Here, Petitioner has not pointed to any defenses with a reasonable probability of success of which counsel should have advised him. See (Civ. Doc. No. 1-1 at 8-11). Petitioner argues that counsel should have advised him that the firearm offense was based on illegally obtained evidence and that there was insufficient evidence to support his conviction for conspiracy. (Id.). Petitioner asserts that his offer to loan a cooperating co-defendant a firearm was not done in furtherance of a drug-trafficking offense because he had told the co-defendant that he did not have the type and quantity of drugs that the co-defendant wanted to purchase. (Id. at 10). Petitioner also contends that counsel should have objected to the evidence regarding the conspiracy, because he could not have conspired with a confidential informant and the evidence did not support more than a buyer-seller relationship. (Id. at 8-10).

Petitioner's assertion that counsel performed deficiently by failing to advise him that the firearms were illegally obtained is without merit because, as shown above, officers found the firearms pursuant to a search warrant. See (Search Warrant, United States v. 9115 Post Canyon Lane, 3:15MJ358 (W.D.N.C. Oct. 6, 2015), Doc. No. 1). Petitioner has made no showing that the warrant was not valid, or that officers did not rely on it in good faith. Additionally, Petitioner pleaded guilty only to possession of a firearm by a convicted felon. (Crim. Case No. 3:15cr298-RJC-DSC-1, Doc. No. 18 at ¶ 1). The Section 924(c) charge for possession of a firearm in furtherance of a drug-trafficking offense was dismissed, which greatly benefitted Petitioner because this charge carried a mandatory consecutive sentence. (Id. at ¶ 2). Moreover, even if the charge had not been dismissed, there was evidence from cooperators and a recorded call

showing that Petitioner carried a firearm while engaged in drug transactions. (Id., Doc. No. 1 at 4-5).

Although a defendant cannot conspire with a government agent acting as an informer, see United States v. Chase, 372 F.2d 453, 459 (4th Cir. 1967), an ongoing conspiracy is not extinguished where a party to the conspiracy begins to cooperate with the government, see United States v. Robinson, 186 F. App'x 375, 378 (4th Cir. 2006). Here, Petitioner's involvement in the conspiracy was not limited to cooperators. During the original transaction, Petitioner conspired with the person who sold the drugs to the cooperator. (Crim. Case No. 3:15cr298-RJC-DSC-1, Doc. No. 33 at ¶ 6; Doc. No. 1 at 3). Moreover, given his presence during the sale, he knew that the drugs were being distributed. See (Id. at 3; cf. United States v. Garrett, 493 F. App'x 409, 411 (4th Cir. 2012) (recognizing that where a defendant distributes a large quantity of drugs to a buyer who resells the drugs in the marketplace, the defendant may be found to have conspired in the redistribution of the drugs). Two of the cooperating defendants related their "historical dealings" with Petitioner, which occurred before they became cooperators, and admitted that they had been selling drugs since late 2014. (Id., Doc. No. 1 at 5). Additionally, Petitioner's admission that he would be getting more methamphetamine and would have it ready for resale shortly also indicated an agreement with another individual (a seller) to engage in drug trafficking. (Id.). Thus, the facts show that Petitioner was involved in more than a buy-sell transaction and provide sufficient evidence to support a conspiracy charge.[1] See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc) (holding that circumstantial evidence may be used to prove a conspiracy); cf. United States v. Mills, 995 F.2d 480, 485 (4th

---

[1] Petitioner states, through counsel, that counsel was also privy to additional facts from discovery and that it was in Petitioner's best interest to limit the transactions included in the factual basis.

Cir. 1993) (holding there is no error in refusing to give a buyer-seller defense instruction where the facts show that a relationship went beyond a buy-sell transaction). Accordingly, Petitioner has shown neither deficient performance, nor prejudice from counsel's alleged failure to advise him that he had a cooperator or buyer-seller defense to the conspiracy charge. Petitioner also cannot show prejudice because he does not allege that but for counsel's performance, he would have proceeded to trial. See Meyer, 506 F.3d at 369.

In sum, because Petitioner has waived any challenge to pre-plea ineffective assistance of counsel claims and he cannot show deficient performance or prejudice, his ineffective assistance claims will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must

establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 27, 2018

Robert J. Conrad, Jr.
United States District Judge