UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-673-RJC
(3:15-cr-298-RJC-DSC-1)

| | |
|---|---|
| QUINBY BOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion for Reconsideration re Order on Motion to Vacate/Set Aside/Correct Sentence. (Doc. No. 12).

## I. BACKGROUND

Petitioner was convicted in this Court, pursuant to a written guilty plea, of conspiracy to distribute and to possess with intent to distribute methamphetamine and with possession of a firearm by a convicted felon. Petitioner did not appeal. On November 20, 2017, Petitioner filed the underlying motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. On March 27, 2018, this Court denied and dismissed Petitioner's motion to vacate. (Doc. No. 7). On April 17, 2018, Petitioner filed the pending Motion for Reconsideration, which this Court construes as a motion to alter or amend, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 12).

## II. STANDARD OF REVIEW

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

1

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

### III. DISCUSSION

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, in his motion Petitioner merely reasserts or extrapolates from some of the allegations made in the original motion to vacate. For instance, Petitioner complains in the motion for reconsideration that there was a discrepancy between the Criminal Complaint and the Factual Basis as to the grounds for the Government to find probable cause to search Petitioner's vehicle, which led to the discovery of methamphetamine in the vehicle. Petitioner contends that counsel was, therefore, ineffective for failing to file a motion to suppress. As the Court noted in

2

its Order, however, because Petitioner pled guilty he waived the right to challenge all non-jurisdictional defects in the proceeds before the guilty plea. The Court noted, in any event, on the merits, the Government showed that probable cause existed to conduct the search of the vehicle.

Next, Petitioner takes issue, apparently for the first time, with alleged defects in the indictment, such as the fact that the indictment did not identify any of Petitioner's alleged conspirators, nor did it state the exact amount of methamphetamine attributable to Petitioner. Petitioner also contends that his Sixth Amendment rights were violated under <u>Alleyne v. United States</u>, 133 S. Ct. 2151, 2155 (2013), because a jury did not make a determination regarding the amount of drugs attributable to Petitioner. Petitioner's arguments are all without merit because, as noted, by pleading guilty, Petitioner waived the right to challenge any non-jurisdictional defects in the proceedings before the plea. Furthermore, Petitioner agreed, in the plea agreement, that he was responsible for at least 200 grams of methamphetamine. In any event, <u>Alleyne</u> is not applicable to Petitioner. In <u>Alleyne</u>, the Supreme Court overruled its earlier decision in <u>Harris v. United States</u>, 536 U.S. 545 (2002), and held that any fact that increases the statutory mandatory minimum is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt. <u>Alleyne</u>, 133 S. Ct. at 2155. <u>Alleyne</u>, however, has not been made retroactively applicable to cases on collateral review. In any event, the determination regarding the amount of drugs attributable to Petitioner did not increase Petitioner's statutory mandatory minimum; rather, it increased Petitioner's advisory guidelines range.

Finally, Petitioner also contends in the motion for reconsideration that probable cause did not exist for the search warrant issued at his residence where certain firearms were found. <u>See Search Warrant</u>, <u>United States v. 9115 Post Canyon Lane</u>, 3:15MJ358 (W.D.N.C. Oct. 6, 2015,

Doc. Nos. 1-2). As the Court has already noted, Plaintiff waived the right to challenge all non-jurisdictional defects in the proceedings before the entry of his plea and, in any event, probable cause did exist for the search warrant issued at Petitioner's residence.

In sum, the Court will deny Petitioner's motion.

## IV. CONCLUSION

Based on the foregoing, the Court will deny Petitioner's Motion for Reconsideration.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion for Reconsideration, (Doc. No. 12), is **DENIED.**

(2) The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

Signed: August 20, 2018

Robert J. Conrad, Jr.
United States District Judge